386 P.2d 258

STATE of New Mexico ex rel. STATE HIGHWAY COMMISSION of New Mexico, Plaintiff-Appellant,

v.

L. P. BRIGGS et al., Defendants-Appellees, City of Albuquerque and County of Bernalillo, Intervenors.

No. 7273.

Supreme Court of New Mexico.

Oct. 28, 1963.

Earl E. Hartley, Atty. Gen. of New Mexico, M. W. Hamilton, Hadley Kelsey, Joseph L. Droege, John C. Worden, Oliver G. Ricketson, Neil C. Stillinger, George D. Sheldon, Sp. Asst. Attys. Gen., Santa Fe, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, Jones & Stiff, Albuquerque, for appellees.

COMPTON, Chief Justice.

This is a declaratory judgment action brought by the New Mexico State Highway Commission against the owners of Block 16, Broadmoor Addition, City of Albuquerque, seeking to determine the legal rights of the parties to an area designated as "parking area" on a plat of the Broadmoor Addition filed in the office of the county clerk of Bernalillo County, on September 1, 1945. The City of Albuquerque and the County of Bernalillo intervened in the suit but intervenors are not parties to this appeal.

The action grows out of a taking by the appellant in 1960, without condemnation, of a 10-foot strip of land from the parking area in dispute for the purpose of widening Lomas Boulevard to which it is adjacent, Lomas Boulevard having been declared a State road. The cause was submitted to the court on a stipulation of agreed facts. However, the parties reserved the right to object to the introduction of any matters contained, or documents described, in the stipulation, as to their relevancy, competency and materiality.

The trial court found that the appellees are the owners of the area in question and that neither the appellant nor the intervenors have any right, title or interest in and to such area or any portion thereof; that the use of the ten-foot strip by appellant from the parking area constituted a taking of private property for public use for which the appellees are entitled to compensation and that the taking has resulted in damage to the remainder of the premises. Judgment was entered accordingly and this appeal follows.

It is the appellant's contention that the parking area designated in the plat of Broadmoor Addition prepared, signed, executed and filed by appellees in 1945, constituted a dedication of it to a *public* use, and that since the dedication was accepted by the City of Albuquerque, appellees have no vested property interest therein which entitles them to maintain an action for, or require the payment of, compensation. Appellant contends further that the court erred in admitting extrinsic evidence re-

lating to the intent of the dedicators of the plat as such evidence tends to vary the terms of a plat, clear and unambiguous on its face. The appellees contend, however, that the "parking area" appearing in the plat was reserved for private parking to be used in conjunction with their business lots which it fronted.

The pertinent statutes, Sections 14–2–4 and 14–2–5, N.M.S.A., 1953 Comp., provide:

"Dedication for streets or other public uses.—The acknowledgment and recording of such plat shall operate as a dedication to the public use *of such portion of the premises platted as is on such plat set apart for street or other public use.*"

"Areas dedicated for public use—Fee vests in municipality.—All avenues, streets, alleys, parks *and other places designated or described as for public use on the map or plat* of any city or town, or *of any addition made to such city or town,* shall be deemed to be public property and the fee thereof be vested in such city or town." (Emphasis ours.)

We think the judgment of the court may well be sustained on the issue of dedication alone. The plat of the addition as filed and received into evidence certainly did not designate the parking area as an area set aside for public use as required by the statute. It merely designates the area involved as a "parking area."

Passing to the appellant's second contention that the term "parking area," as used in the plat, is of doubtful meaning, it was not error for the trial court to determine the language of the plat to be ambiguous as to the area designated as "parking area." In such circumstances extrinsic evidence was admissible for the purpose of determining the intent of the dedicators. Thus, the appellant's attack on the court's ruling in admitting extrinsic evidence relating to the intent of the dedicators is without merit.

We think the evidence as to the intent of the dedicators, coupled with their subsequent acts of dominion and control of the area, as well as those of their agents and tenants, amply sustains the findings and conclusions of the trial court.

The judgment of the court is affirmed and the cause remanded for the granting of such further relief in the matter of assessing damages as the circumstances may require. It is so ordered.

CHAVEZ and NOBLE, JJ., concur.